IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| NOKIA CORPORATION, NOKIA INC., INTELLISYNC CORPORATION, and NAVTEQ NORTH AMERICA, LLC,<br><br>Plaintiffs,<br><br>v.<br><br>HTC CORPORATION, HTC AMERICA, INC. and EXEDEA INC.,<br><br>Defendants. | Civil Action No.<br><br>**JURY TRIAL DEMANDED** |

## COMPLAINT

Plaintiffs Nokia Corporation, Nokia Inc., Intellisync Corporation, and Navteq North America, LLC (collectively "Nokia"), for their Complaint against Defendants HTC Corporation, HTC America, Inc., and Exedea Inc. (collectively "HTC") hereby allege as follows:

### The Parties

1. Plaintiff Nokia Corporation is a company organized under the laws of Finland, with its principal place of business at Keilalahdentie 4, P.O. Box 226, Espoo, Finland.

2. Plaintiff Nokia Inc. is a corporation existing under the laws of the State of Delaware, with its principal place of business in Sunnyvale, California. Nokia Inc. is a wholly-owned subsidiary of Nokia Corporation.

3. Plaintiff Intellisync Corporation is a corporation existing under the laws of the State of California, with its principal place of business in Sunnyvale, California. Intellisync Corporation is a wholly-owned subsidiary of Nokia Inc.

4. Plaintiff Navteq North America, LLC is a Delaware limited liability company, with its principal place of business in Chicago, Illinois. Navteq North America, LLC is a wholly-owned subsidiary of Nokia Inc.

5. Defendant HTC Corporation is a Taiwanese corporation, with its principal place of business at 23 Xinghua Road, Taoyuan City, Taoyuan County 330, Taiwan, Republic of China.

6. Defendant HTC America, Inc. is a wholly-owned subsidiary of Defendant HTC Corporation and is incorporated under the laws of the State of Washington, with its principal place of business at 13920 S.E. Eastgate Way, Suite 400, Bellevue, Washington 98005.

7. Defendant Exedea Inc. is a wholly-owned subsidiary of Defendant HTC Corporation and is incorporated under the laws of the State of Texas, with its principal place of business at 5950 Corporate Drive, Houston, TX 77036.

### Nature Of The Action

8. This is a civil action for infringement of six United States patents, arising under the Patent Laws of the United States, 35 U.S.C. § 1 *et seq.*

### Jurisdiction And Venue

9. This Court has jurisdiction over the subject matter of this action pursuant to 28 U.S.C. §§ 1331 and 1338(a).

10. Venue is proper in this district pursuant to 28 U.S.C. §§ 1391(b) and (c), and 1400(b), because HTC resides in this district, is subject to personal jurisdiction in this district, and has committed acts of infringement in this district.

## The Patents-In-Suit

11.     United States Patent No. 5,878,351 ("the '351 patent"), entitled "Methods And Apparatus For Providing Delayed Transmission Of SMS Delivery Acknowledgement, Manual Acknowledgement And SMS messages," was duly and legally issued by the United States Patent and Trademark Office on March 2, 1999.  A copy of the '351 patent is attached hereto as Exhibit A.

12.     United States Patent No. 6,349,263 ("the '263 patent"), entitled "Integrated Position And Direction System," was duly and legally issued by the United States Patent and Trademark Office on February 19, 2002.  A copy of the '263 patent is attached hereto as Exhibit B.

13.     United States Patent No. 6,587,788 ("the '788 patent"), entitled "Integrated Position And Direction System With Radio Communication For Updating Data," was duly and legally issued by the United States Patent and Trademark Office on July 1, 2003.  A copy of the '788 patent is attached hereto as Exhibit C.

14.     United States Patent No. 6,647,370 ("the '370 patent"), entitled "System And Methods For Scheduling And Tracking Events Across Multiple Time Zones," was duly and legally issued by the United States Patent and Trademark Office on November 11, 2003.  A copy of the '370 patent is attached hereto as Exhibit D.

15.     United States Patent No. 6,865,404 ("the '404 patent"), entitled "Handset," was duly and legally issued by the United States Patent and Trademark Office on March 8, 2005.  A copy of the '404 patent is attached hereto as Exhibit E.

16.     United States Patent No. 7,460,953 ("the '953 patent"), entitled "Method Of Operating A Navigation System Using Images," was duly and legally issued by the United States

Patent and Trademark Office on December 2, 2008. A copy of the '953 patent is attached hereto as Exhibit F.

17. The '351 patent, '263 patent, '788 patent, '370 patent, '404 patent, and '953 patent are collectively referred to herein as the "patents-in-suit."

18. Nokia Corporation is the assignee of the '351 patent and '404 patent. Nokia Inc. is an exclusive licensee of the '351 patent and '404 patent.

19. Intellisync Corporation is the assignee of the '370 patent.

20. Navteq North America, LLC is the assignee of the '953 patent.

21. Nokia is an exclusive licensee of the '263 patent and '788 patent with the sole right to sue for infringement, seek injunctive relief, collect damages, profits or other awards, and/or to settle the asserted claims, with respect to the accused mobile phones, smartphones, and tablet computers that are the subject of this action.

22. Nokia has the right to bring this suit to recover damages for any current, future, or past infringement of each of the patents-in-suit.

## COUNT I

### Infringement Of The '351 Patent

23. Paragraphs 1 through 22 are incorporated by reference as if fully stated herein.

24. The '351 patent is valid and enforceable.

25. HTC has infringed, and continues to infringe, one or more claims of the '351 patent under 35 U.S.C. § 271(a), either literally and/or under the doctrine of equivalents, by making, using, selling, and/or offering for sale in the United States, and/or importing into the United States, products and/or methods encompassed by those claims, including for example, by making, using, selling, offering for sale, and/or importing mobile phones, smartphones, and

tablet computers, including but not limited to the HTC Amaze 4G, HTC EVO 3D, HTC EVO 4G, HTC EVO 4G LTE, HTC EVO Design 4G, HTC EVO Shift 4G, HTC Inspire 4G, HTC Flyer, HTC Jetstream, HTC MyTouch 4G Slide, HTC One S, HTC Rezound, HTC Rhyme, HTC Sensation 4G, and HTC Vivid.

26. Third parties, including HTC's customers, have infringed, and continue to infringe, one or more claims of the '351 patent under 35 U.S.C. § 271(a), either literally and/or under the doctrine of equivalents, by making, using, selling, and/or offering for sale in the United States, and/or importing into the United States, mobile phones, smartphones, and tablet computers supplied by HTC, including the HTC Amaze 4G, HTC EVO 3D, HTC EVO 4G, HTC EVO 4G LTE, HTC EVO Design 4G, HTC EVO Shift 4G, HTC Inspire 4G, HTC Flyer, HTC Jetstream, HTC MyTouch 4G Slide, HTC One S, HTC Rezound, HTC Rhyme, HTC Sensation 4G, and HTC Vivid.

27. HTC has had knowledge of and notice of the '351 patent and its infringement since at least February 2, 2012, through a presentation by Nokia to HTC concerning the '351 patent and its infringement.

28. HTC has induced infringement, and continues to induce infringement, of one or more claims of the '351 patent under 35 U.S.C. § 271(b). HTC actively, knowingly, and intentionally induced, and continues to actively, knowingly, and intentionally induce, infringement of the '351 patent by selling or otherwise supplying mobile phones, smartphones, and tablet computers; with the knowledge and specific intent that third parties will use, sell, offer for sale, and/or import the mobile phones, smartphones, and tablet computers supplied by HTC to infringe the '351 patent; and with the knowledge and specific intent to encourage and facilitate the infringement through the dissemination of the mobile phones, smartphones, and tablet

computers and/or the creation and dissemination of promotional and marketing materials, supporting materials, instructions, product manuals, and/or technical information related to the mobile phones, smartphones, and tablet computers.

29. HTC has contributed to the infringement by third parties, including HTC's customers, and continues to contribute to infringement by third parties, of one or more claims of the '351 patent under 35 U.S.C. § 271(c), by selling and/or offering for sale in the United States, and/or importing into the United States, mobile phones, smartphones, and tablet computers, knowing that those products constitute a material part of the inventions of the '351 patent, knowing that those products are especially made or adapted to infringe the '351 patent, and knowing that those products are not staple articles of commerce suitable for substantial noninfringing use.

30. Nokia has been and continues to be damaged by HTC's infringement of the '351 patent.

31. Nokia has been irreparably harmed by HTC's infringement of the '351 patent. Unless and until HTC's continued acts of infringement are enjoined, Nokia will suffer further irreparable harm for which there is no adequate remedy at law.

32. HTC's infringement of the '351 patent has been, and continues to be, willful.

33. HTC's conduct in infringing the '351 patent renders this case exceptional within the meaning of 35 U.S.C. § 285.

## COUNT II

### Infringement Of The '263 Patent

34. Paragraphs 1 through 33 are incorporated by reference as if fully stated herein.

35. The '263 patent is valid and enforceable.

36. HTC has infringed, and continues to infringe, one or more claims of the '263 patent under 35 U.S.C. § 271(a), either literally and/or under the doctrine of equivalents, by making, using, selling, and/or offering for sale in the United States, and/or importing into the United States, products and/or methods encompassed by those claims, including for example, by making, using, selling, offering for sale, and/or importing mobile phones, smartphones, and tablet computers, including but not limited to the HTC Amaze 4G, HTC EVO 3D, HTC EVO 4G, HTC EVO 4G LTE, HTC EVO Design 4G, HTC EVO Shift 4G, HTC Inspire 4G, HTC Flyer, HTC Jetstream, HTC MyTouch 4G Slide, HTC One S, HTC Rezound, HTC Rhyme, HTC Sensation 4G, and HTC Vivid.

37. Third parties, including HTC's customers, have infringed, and continue to infringe, one or more claims of the '263 patent under 35 U.S.C. § 271(a), either literally and/or under the doctrine of equivalents, by making, using, selling, and/or offering for sale in the United States, and/or importing into the United States, mobile phones, smartphones, and tablet computers supplied by HTC, including the HTC Amaze 4G, HTC EVO 3D, HTC EVO 4G, HTC EVO 4G LTE, HTC EVO Design 4G, HTC EVO Shift 4G, HTC Inspire 4G, HTC Flyer, HTC Jetstream, HTC MyTouch 4G Slide, HTC One S, HTC Rezound, HTC Rhyme, HTC Sensation 4G, and HTC Vivid.

38. HTC has had knowledge of and notice of the '263 patent and its infringement at least since the filing of this complaint. HTC also has had knowledge of and notice of the '263 patent and its infringement at least since May 2, 2012, through a letter sent by Nokia to HTC on May 2, 2012 concerning the '263 patent and its infringement.

39. HTC has induced infringement, and continues to induce infringement, of one or more claims of the '263 patent under 35 U.S.C. § 271(b). HTC actively, knowingly, and

intentionally induced, and continues to actively, knowingly, and intentionally induce, infringement of the '263 patent by selling or otherwise supplying mobile phones, smartphones, and tablet computers; with the knowledge and specific intent that third parties will use, sell, offer for sale, and/or import the mobile phones, smartphones, and tablet computers supplied by HTC to infringe the '263 patent; and with the knowledge and specific intent to encourage and facilitate the infringement through the dissemination of the mobile phones, smartphones, and tablet computers and/or the creation and dissemination of promotional and marketing materials, supporting materials, instructions, product manuals, and/or technical information related to the mobile phones, smartphones, and tablet computers.

40. HTC has contributed to the infringement by third parties, including HTC's customers, and continues to contribute to infringement by third parties, of one or more claims of the '263 patent under 35 U.S.C. § 271(c), by selling and/or offering for sale in the United States, and/or importing into the United States, mobile phones, smartphones, and tablet computers, knowing that those products constitute a material part of the inventions of the '263 patent, knowing that those products are especially made or adapted to infringe the '263 patent, and knowing that those products are not staple articles of commerce suitable for substantial noninfringing use.

41. Nokia has been and continues to be damaged by HTC's infringement of the '263 patent.

42. Nokia has been irreparably harmed by HTC's infringement of the '263 patent. Unless and until HTC's continued acts of infringement are enjoined, Nokia will suffer further irreparable harm for which there is no adequate remedy at law.

43. HTC's conduct in infringing the '263 patent renders this case exceptional within the meaning of 35 U.S.C. § 285.

## COUNT III

### Infringement Of The '788 Patent

44. Paragraphs 1 through 43 are incorporated by reference as if fully stated herein.

45. The '788 patent is valid and enforceable.

46. HTC has infringed, and continues to infringe, one or more claims of the '788 patent under 35 U.S.C. § 271(a), either literally and/or under the doctrine of equivalents, by making, using, selling, and/or offering for sale in the United States, and/or importing into the United States, products and/or methods encompassed by those claims, including for example, by making, using, selling, offering for sale, and/or importing mobile phones, smartphones, and tablet computers, including but not limited to the HTC Amaze 4G, HTC EVO 3D, HTC EVO 4G, HTC EVO 4G LTE, HTC EVO Design 4G, HTC EVO Shift 4G, HTC Inspire 4G, HTC Flyer, HTC Jetstream, HTC MyTouch 4G Slide, HTC One S, HTC Rezound, HTC Rhyme, HTC Sensation 4G, and HTC Vivid.

47. Third parties, including HTC's customers, have infringed, and continue to infringe, one or more claims of the '788 patent under 35 U.S.C. § 271(a), either literally and/or under the doctrine of equivalents, by making, using, selling, and/or offering for sale in the United States, and/or importing into the United States, mobile phones, smartphones, and tablet computers supplied by HTC, including the HTC Amaze 4G, HTC EVO 3D, HTC EVO 4G, HTC EVO 4G LTE, HTC EVO Design 4G, HTC EVO Shift 4G, HTC Inspire 4G, HTC Flyer, HTC Jetstream, HTC MyTouch 4G Slide, HTC One S, HTC Rezound, HTC Rhyme, HTC Sensation 4G, and HTC Vivid.

48. HTC has had knowledge of and notice of the '788 patent and its infringement at least since the filing of this complaint. HTC also has had knowledge of and notice of the '788 patent and its infringement at least since May 2, 2012, through a letter sent by Nokia to HTC on May 2, 2012 concerning the '788 patent and its infringement.

49. HTC has induced infringement, and continues to induce infringement, of one or more claims of the '788 patent under 35 U.S.C. § 271(b). HTC actively, knowingly, and intentionally induced, and continues to actively, knowingly, and intentionally induce, infringement of the '788 patent by selling or otherwise supplying mobile phones, smartphones, and tablet computers; with the knowledge and specific intent that third parties will use, sell, offer for sale, and/or import the mobile phones, smartphones, and tablet computers supplied by HTC to infringe the '788 patent; and with the knowledge and specific intent to encourage and facilitate the infringement through the dissemination of the mobile phones, smartphones, and tablet computers and/or the creation and dissemination of promotional and marketing materials, supporting materials, instructions, product manuals, and/or technical information related to the mobile phones, smartphones, and tablet computers.

50. HTC has contributed to the infringement by third parties, including HTC's customers, and continues to contribute to infringement by third parties, of one or more claims of the '788 patent under 35 U.S.C. § 271(c), by selling and/or offering for sale in the United States, and/or importing into the United States, mobile phones, smartphones, and tablet computers, knowing that those products constitute a material part of the inventions of the '788 patent, knowing that those products are especially made or adapted to infringe the '788 patent, and knowing that those products are not staple articles of commerce suitable for substantial noninfringing use.

51. Nokia has been and continues to be damaged by HTC's infringement of the '788 patent.

52. Nokia has been irreparably harmed by HTC's infringement of the '788 patent. Unless and until HTC's continued acts of infringement are enjoined, Nokia will suffer further irreparable harm for which there is no adequate remedy at law.

53. HTC's conduct in infringing the '788 patent renders this case exceptional within the meaning of 35 U.S.C. § 285.

## COUNT IV

### Infringement Of The '370 Patent

54. Paragraphs 1 through 53 are incorporated by reference as if fully stated herein.

55. The '370 patent is valid and enforceable.

56. HTC has infringed, and continues to infringe, one or more claims of the '370 patent under 35 U.S.C. § 271(a), either literally and/or under the doctrine of equivalents, by practicing every step of those claims in the United States, including for example, by using mobile phones, smartphones, and tablet computers, including but not limited to the HTC Amaze 4G, HTC EVO 3D, HTC EVO 4G, HTC EVO 4G LTE, HTC EVO Design 4G, HTC EVO Shift 4G, HTC Inspire 4G, HTC Flyer, HTC Jetstream, HTC MyTouch 4G Slide, HTC One S, HTC Rezound, HTC Rhyme, HTC Sensation 4G, and HTC Vivid.

57. Third parties, including HTC's customers, have infringed, and continue to infringe, one or more claims of the '370 patent under 35 U.S.C. § 271(a), either literally and/or under the doctrine of equivalents, by practicing every step of those claims in the United States by using mobile phones, smart phones, and tablet computers supplied by HTC, including the HTC Amaze 4G, HTC EVO 3D, HTC EVO 4G, HTC EVO 4G LTE, HTC EVO Design 4G, HTC

EVO Shift 4G, HTC Inspire 4G, HTC Flyer, HTC Jetstream, HTC MyTouch 4G Slide, HTC One S, HTC Rezound, HTC Rhyme, HTC Sensation 4G, and HTC Vivid.

58.   HTC has had knowledge of and notice of the '370 patent and its infringement at least since the filing of this complaint. HTC also has had knowledge of and notice of the '370 patent and its infringement since May 2, 2012, through a letter sent by Nokia to HTC on May 2, 2012 concerning the '370 patent and its infringement.

59.   HTC has induced infringement, and continues to induce infringement, of one or more claims of the '370 patent under 35 U.S.C. § 271(b). HTC actively, knowingly, and intentionally induced, and continues to actively, knowingly, and intentionally induce, infringement of the '370 patent by selling or otherwise supplying mobile phones, smartphones, and tablet computers; with the knowledge and specific intent that third parties will use the mobile phones, smartphones, and tablet computers supplied by HTC to infringe the '370 patent; and with the knowledge and intent to encourage and facilitate the infringement through the dissemination of the mobile phones, smart phones, and tablet computers and/or the creation and dissemination of promotional and marketing materials, supporting materials, instructions, product manuals, and/or technical information related to the mobile phones, smart phones, and tablet computers.

60.   HTC has contributed to the infringement by third parties, including HTC's customers, and continues to contribute to infringement by third parties, of one or more claims of the '370 patent under 35 U.S.C. § 271(c), by selling and/or offering for sale in the United States, and/or importing into the United States, mobile phones, smart phones, and tablet computers, knowing that those products constitute a material part of the inventions of the '370 patent, knowing that those products are especially made or adapted to infringe the '370 patent, and

knowing that those products are not staple articles of commerce suitable for substantial noninfringing use.

61. Nokia has been and continues to be damaged by HTC's infringement of the '370 patent.

62. Nokia has been irreparably harmed by HTC's infringement of the '370 patent. Unless and until HTC's continued acts of infringement are enjoined, Nokia will suffer further irreparable harm for which there is no adequate remedy at law.

63. HTC's conduct in infringing the '370 patent renders this case exceptional within the meaning of 35 U.S.C. § 285.

## COUNT V

### Infringement Of The '404 Patent

64. Paragraphs 1 through 63 are incorporated by reference as if fully stated herein.

65. The '404 patent is valid and enforceable.

66. HTC has infringed, and continues to infringe, one or more claims of the '404 patent under 35 U.S.C. § 271(a), either literally and/or under the doctrine of equivalents, by making, using, selling, and/or offering for sale in the United States, and/or importing into the United States, products encompassed by those claims, including for example, by making, using, selling, offering for sale, and/or importing mobile phones, smartphones, and tablet computers, including but not limited to the HTC Amaze 4G, HTC EVO 3D, HTC EVO 4G, HTC EVO 4G LTE, HTC EVO Design 4G, HTC EVO Shift 4G, HTC Inspire 4G, HTC Flyer, HTC Jetstream, HTC MyTouch 4G Slide, HTC One S, HTC Rezound, HTC Rhyme, HTC Sensation 4G, and HTC Vivid.

67. Third parties, including HTC's customers, have infringed, and continue to infringe, one or more claims of the '404 patent under 35 U.S.C. § 271(a), either literally and/or under the doctrine of equivalents, by making, using, selling, and/or offering for sale in the United States, and/or importing into the United States mobile phones, smartphones, and tablet computers supplied by HTC, including the HTC Amaze 4G, HTC EVO 3D, HTC EVO 4G, HTC EVO 4G LTE, HTC EVO Design 4G, HTC EVO Shift 4G, HTC Inspire 4G, HTC Flyer, HTC Jetstream, HTC MyTouch 4G Slide, HTC One S, HTC Rezound, HTC Rhyme, HTC Sensation 4G, and HTC Vivid.

68. HTC has had knowledge of and notice of the '404 patent and its infringement since at least February 2, 2012, through a presentation by Nokia to HTC concerning the '404 patent and its infringement.

69. HTC has induced infringement, and continues to induce infringement, of one or more claims of the '404 patent under 35 U.S.C. § 271(b). HTC actively, knowingly, and intentionally induced, and continues to actively, knowingly, and intentionally induce, infringement of the '404 patent by selling or otherwise supplying mobile phones, smartphones, and tablet computers; with the knowledge and specific intent that third parties will use, sell, offer for sale, and/or import, the mobile phones, smartphones, and tablet computers supplied by HTC to infringe the '404 patent; and with the knowledge and specific intent to encourage and facilitate the infringement through the dissemination of the mobile phones, smartphones, and tablet computers and/or the creation and dissemination of promotional and marketing materials, supporting materials, instructions, product manuals, and/or technical information related to the mobile phones, smartphones, and tablet computers.

70. HTC has contributed to the infringement by third parties, including HTC's customers, and continues to contribute to infringement by third parties, of one or more claims of the '404 patent under 35 U.S.C. § 271(c), by selling and/or offering for sale in the United States, and/or importing into the United States, mobile phones, smartphones, and tablet computers, knowing that those products constitute a material part of the inventions of the '404 patent, knowing that those products are especially made or adapted to infringe the '404 patent, and knowing that those products are not staple articles of commerce suitable for substantial noninfringing use.

71. Nokia has been and continues to be damaged by HTC's infringement of the '404 patent.

72. Nokia has been irreparably harmed by HTC's infringement of the '404 patent. Unless and until HTC's continued acts of infringement are enjoined, Nokia will suffer further irreparable harm for which there is no adequate remedy at law.

73. HTC's infringement of the '404 patent has been, and continues to be, willful.

74. HTC's conduct in infringing the '404 patent renders this case exceptional within the meaning of 35 U.S.C. § 285.

## COUNT VI

### Infringement Of The '953 Patent

75. Paragraphs 1 through 74 are incorporated by reference as if fully stated herein.

76. The '953 patent is valid and enforceable.

77. HTC has infringed, and continues to infringe, one or more claims of the '953 patent under 35 U.S.C. § 271(a), either literally and/or under the doctrine of equivalents, by making, using, selling, and/or offering for sale in the United States, and/or importing into the

United States, products and/or methods encompassed by those claims, including for example, by making, using, selling, offering for sale, and/or importing mobile phones, smartphones, and tablet computers, including but not limited to the HTC Amaze 4G, HTC EVO 3D, HTC EVO 4G, HTC EVO 4G LTE, HTC EVO Design 4G, HTC EVO Shift 4G, HTC Inspire 4G, HTC Flyer, HTC Jetstream, HTC MyTouch 4G Slide, HTC One S, HTC Rezound, HTC Rhyme, HTC Sensation 4G, and HTC Vivid.

78.     Third parties, including HTC's customers, have infringed, and continue to infringe, one or more claims of the '953 patent under 35 U.S.C. § 271(a), either literally and/or under the doctrine of equivalents, by making, using, selling, and/or offering for sale in the United States, and/or importing into the United States, mobile phones, smartphones, and tablet computers supplied by HTC, including the HTC Amaze 4G, HTC EVO 3D, HTC EVO 4G, HTC EVO 4G LTE, HTC EVO Design 4G, HTC EVO Shift 4G, HTC Inspire 4G, HTC Flyer, HTC Jetstream, HTC MyTouch 4G Slide, HTC One S, HTC Rezound, HTC Rhyme, HTC Sensation 4G, and HTC Vivid.

79.     HTC has had knowledge of and notice of the '953 patent and its infringement at least since the filing of this complaint. HTC also has had knowledge of and notice of the '953 patent and its infringement at least since May 2, 2012, through a letter sent by Nokia to HTC on May 2, 2012 concerning the '953 patent and its infringement.

80.     HTC has induced infringement, and continues to induce infringement, of one or more claims of the '953 patent under 35 U.S.C. § 271(b). HTC actively, knowingly, and intentionally induced, and continues to actively, knowingly, and intentionally induce, infringement of the '953 patent by selling or otherwise supplying mobile phones, smartphones, and tablet computers; with the knowledge and specific intent that third parties will use, sell, offer

for sale, and/or import the mobile phones, smartphones, and tablet computers supplied by HTC to infringe the '953 patent; and with the knowledge and specific intent to encourage and facilitate the infringement through the dissemination of the mobile phones, smartphones, and tablet computers and/or the creation and dissemination of promotional and marketing materials, supporting materials, instructions, product manuals, and/or technical information related to the mobile phones, smartphones, and tablet computers.

81.  HTC has contributed to the infringement by third parties, including HTC's customers, and continues to contribute to infringement by third parties, of one or more claims of the '953 patent under 35 U.S.C. § 271(c), by selling and/or offering for sale in the United States, and/or importing into the United States, mobile phones, smartphones, and tablet computers, knowing that those products constitute a material part of the inventions of the '953 patent, knowing that those products are especially made or adapted to infringe the '953 patent, and knowing that those products are not staple articles of commerce suitable for substantial noninfringing use.

82.  Nokia has been and continues to be damaged by HTC's infringement of the '953 patent.

83.  Nokia has been irreparably harmed by HTC's infringement of the '953 patent. Unless and until HTC's continued acts of infringement are enjoined, Nokia will suffer further irreparable harm for which there is no adequate remedy at law.

84.  HTC's conduct in infringing the '953 patent renders this case exceptional within the meaning of 35 U.S.C. § 285.

### Prayer For Relief

WHEREFORE, Nokia prays for judgment as follows:

A. That HTC has infringed each of the patents-in-suit;

B. That this Court permanently enjoin HTC, its subsidiaries, affiliates, successors and assigns, and each of its officers, directors, employees, representatives, agents, and attorneys, and all persons acting in concert or active participation with, or on its behalf, or within its control, from making, using, selling, offering for sale, selling, importing, or advertising products and/or services and/or employing systems, hardware, software and/or components and/or making use of systems or processes that infringe any of the claims of the patents-in-suit;

C. That HTC's infringement of the '351 patent and '404 patent has been willful;

D. That Nokia be awarded all damages adequate to compensate it for HTC's infringement of the patents-in-suit, such damages to be determined by a jury and, if necessary to adequately compensate Nokia for the infringement, an accounting, and that such damages be trebled, as appropriate, and awarded to Nokia with pre-judgment and post-judgment interest;

E. That this case be declared an exceptional case within the meaning of 35 U.S.C. § 285 and that Nokia be awarded the attorney fees, costs, and expenses that it incurs prosecuting this action; and

F. That Nokia be awarded such other and further relief as this Court deems just and proper.

## Demand For Jury Trial

Nokia hereby demands a trial by jury on all issues so triable.

Dated: May 2, 2012

FARNAN LLP

/s/ Joseph J. Farnan, Jr.
Joseph J. Farnan, Jr. (Bar No. 100245)
Brian E. Farnan (Bar No. 4089)
Michael J. Farnan (Bar No. 5165)
919 North Market Street
12th Floor
Wilmington, DE  19801
(302) 777-0300 (Telephone)
(302) 777-0301 (Facsimile)
bfarnan@farnanlaw.com

*Counsel for Plaintiffs*
*Nokia Corporation, Nokia Inc., Intellisync Corporation, and Navteq North America, LLC*

*Of Counsel:*

DESMARAIS LLP
John M. Desmarais
Alan S. Kellman
Jason Berrebi
230 Park Avenue
New York, NY  10169
(212) 351-3400 (Telephone)
(212) 351-3401 (Facsimile)


ALSTON & BIRD LLP
Patrick J. Flinn
One Atlantic Center
1201 West Peachtree Street
Atlanta, GA 30309
(404) 881-7920 (Telephone)
(404) 253-8370 (Facsimile)

ALSTON & BIRD LLP
Michael J. Newton
2828 North Harwood Street, 18th Floor
Dallas, TX 75201
(214) 922-3423 (Telephone)
(214) 922-3863 (Facsimile)